Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| TOMMY RODRÍGUEZ SANTIAGO  Recurrente  v.  DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN  Recurrido | TA2026RA00295 | REVISIÓN JUDICIAL Procedente del Departamento de Corrección y Rehabilitación  Remedio Administrativo Núm.: PA-123-26  Sobre: Solicitud de Remedio Administrativo y Reconsideración |

Panel integrado por su presidenta, la jueza Lebrón Nieves, el juez Pagán Ocasio, la jueza Álvarez Esnard y el juez Cruz Hiraldo[1]

Álvarez Esnard, jueza ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 22 de junio de 2026.

Comparece la parte recurrente, Tommy Rodríguez Santiago ("el señor Rodríguez Santiago"), mediante recurso de revisión judicial de decisión administrativa presentado el 29 de mayo de 2026 ante la autoridad que lo tiene bajo custodia, y remitido posteriormente ante este foro revisor, para solicitar la revisión de *Respuesta de Reconsideración al Miembro de la Población Correccional* del Departamento de Corrección y Rehabilitación ("DCR"), emitida el 15 de abril de 2026 y notificada el 24 de abril de 2026, en la que se denegó la solicitud de reconsideración de la parte recurrente.

Por los fundamentos que expondremos a continuación, **desestimamos** el presente recurso por falta de jurisdicción.

---

[1] DJ 2025-063C, 26 de mayo de 2026.

**I.**

El señor Rodríguez Santiago presentó el 27 de febrero de 2026 una *Solicitud de Remedio Administrativo*. Mediante dicho recurso, la parte recurrente alegó que el DCR determinó mal las bonificaciones que le correspondían por haber completado un curso de artes gráficas, entre los meses de septiembre y diciembre del 2025. En virtud de lo anterior, la parte recurrente solicitó al DCR que investigara y revisara las bonificaciones acreditadas. Posteriormente, el 16 de marzo de 2026, el DCR produjo *Respuesta al Miembro de la Población Correccional*, donde le indicó a la parte recurrente que carecía de jurisdicción, toda vez que el señor Rodríguez Santiago no había agotado los trámites administrativos correspondientes. Además, el DCR también justificó su curso de acción y manifestó que la parte recurrente había presentado opiniones que no conllevaban a remediar una situación de confinamiento. La aludida respuesta fue notificada a la parte recurrente el 24 de marzo de 2026.

Inconforme con la determinación, el señor Rodríguez Santiago sometió ante el DCR *Solicitud de Reconsideración*, donde adujo que había prueba que corroboraba sus alegaciones, por lo cual, era improcedente la desestimación. Por su parte, el DCR resolvió denegar la solicitud de reconsideración mediante *Respuesta de Reconsideración al Miembro de la Población Correccional*, emitida el **15 de abril de 2026** y notificada el **24 de abril de 2026**.

Insatisfecho aún, la parte recurrente presentó *Solicitud y Revisión* el **29 de mayo de 2026**. En ajustada síntesis, la parte recurrente nos peticionó que revisáramos la determinación del DCR y que ordenáramos la bonificación por los catorce días de estudios que realizó.

Tras examinar el recurso, el 8 de junio de 2026, emitimos *Resolución,* mediante la cual ordenamos al DCR que nos acreditara

la fecha en la cual el Recurrente hizo entrega de su escrito a la autoridad correspondiente. Oportunamente, el 15 de junio de 2026, el DCR compareció mediante *Moción en Cumplimiento de Resolución* y certificó que la fecha en la cual el Recurrente hizo entrega de su escrito fue el **29 de mayo de 2026**.

## II.

### *A. Jurisdicción*

En nuestro ordenamiento, "la jurisdicción es el poder o la autoridad que posee un tribunal o un organismo administrativo para considerar y decidir casos o controversias con efecto vinculante para las partes". *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). Véase, también, *Mun. Río Grande v. Adq. Finca et al.*, 2025 TSPR 36, 215 DPR __ (2025). Por su transcendencia, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *Friger Salgueiro v. Mech-Tech College, LLC y otros*, 2026 TSPR 30, 218 DPR ___ (2026); *FCPR v. ELA et al.*, 211 DPR 521, 30 (2023). En ese sentido, "[l]os asuntos relacionados con la jurisdicción de un tribunal son privilegiados y deben atenderse con preeminencia". *Pérez Rodríguez v. López Rodríguez et al.,* 210 DPR 163, 178, (2022); *Allied Mgmt. Group. v. Oriental Bank,* 204 DPR 374, 386 (2020).

Sobre este particular, el Tribunal Supremo de Puerto Rico ha establecido que "**un recurso tardío es el que se presenta pasado el término provisto para recurrir**". *Pueblo v. Ríos Nieves*, 209 DPR 264, 274 (2022); *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). (Énfasis nuestro). En efecto, "una apelación o un recurso prematuro**, al igual que uno tardío, sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre**". *In re Laboy Hernández,* 209 DPR 1067, 299 (2022); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 883

(2007). (Énfasis nuestro). En virtud de esta normativa, "[s]i un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia". *Friger Salgueiro v. Mech-Tech College, LLC y otros*, *supra*, en la pág. 5; *FCPR v. ELA et al.*, *supra*, pág. 530. Al amparo de lo anterior, la Regla 83 (C) del Tribunal de Apelaciones permite a este Tribunal de Apelaciones desestimar un recurso, a iniciativa propia, por falta de jurisdicción. *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

### III.

Expuesto el marco jurídico, concluimos que carecemos de jurisdicción para revisar la *Respuesta de Respuesta de Reconsideración al Miembro de la Población Correccional*. Surge del expediente que el referido dictamen fue notificado el **24 de abril de 2026**. A partir de esa fecha, la parte recurrente contaba con treinta (30) días, es decir, hasta el **25 de mayo de 2026**, para presentar un recurso de revisión judicial, de así desearlo. *Véase* Regla 57 del Reglamento del Tribunal de Apelaciones, *supra*. A pesar de lo anterior, la parte recurrente presentó su recurso el **29 de mayo de 2026**, transcurrido el término jurisdiccional dispuesto por nuestro ordenamiento jurídico vigente.

En consecuencia, no tenemos otra vía que desestimar el recurso, por haberse presentado tardíamente.

### IV.

Por los fundamentos expuestos, **desestimamos** el presente recurso, por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones